UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROXTON,<br><br>        Petitioner,<br><br>    v.<br><br>E. ARNOLD,<br><br>        Respondent. | No. 2: 16-cv-1548 GEB KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the petition filed July 1, 2016, pursuant to the mailbox rule. Petitioner challenges his 2011 convictions for second degree robbery. Pending before the court is respondent's motion to dismiss on grounds that this action is barred by the statute of limitations. (ECF No. 11.) For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

II. Statute of Limitations

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

////

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

The California Supreme Court denied petitioner's petition for review on August 27, 2014. (Respondent's Lodged Document 4.) Therefore, petitioner's conviction became final 90 days later on November 25, 2014, when the period for filing a petition for writ of certiorari with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one year limitations period commenced running the following day, i.e., November 26, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

III. Statutory Tolling

*Legal Standard*

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); see also Carey v. Saffold, 536 U.S. 214, 219-225 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a

2

higher court"). Continuous tolling under Section 2244(d)(2)—commonly referred to as interval or gap tolling—is available only if a prisoner acted promptly in seeking relief at the next state court level. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005).

The statute of limitations is not tolled between the time the petitioner's conviction becomes final on direct review and the time the first state collateral challenge is filed because there is no case "pending" during that time. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007).

*Background of State Court Petitions*

Pursuant to the mailbox rule, petitioner filed his first state habeas petition in the Sacramento County Superior Court on January 30, 2013. (Respondent's Lodged Document 5.) The Superior Court denied this petition on March 13, 2013. (Respondent's Lodged Document 6.)

Pursuant to the mailbox rule, petitioner filed his next state habeas petition in the California Supreme Court on February 7, 2016. (Respondent's Lodged Document 7.) The California Supreme Court denied this petition, without comment or citation, on April 20, 2016. (Respondent's Lodged Document 8.)

*Discussion*

Petitioner is not entitled to statutory tolling for his first state habeas petition because it was denied before the effective date of the statute of limitations. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (state petition denied before statute of limitations started to run "had no effect on the timeliness of the ultimate federal filing").

Petitioner is not entitled to statutory tolling for the petition filed in the California Supreme Court because it was filed after the statute of limitations expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

////

For the reasons stated herein, the undersigned also finds that petitioner is not entitled to gap tolling for the almost three years between the time the Superior Court denied his petition and when he filed his petition in the California Supreme Court.[1]

Under California law, a habeas petition is timely only if filed within a "reasonable time." See Chavis, 546 U.S. at 192. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture … 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal.4th 770, 780 (Cal. 1998)). A petition that has been substantially delayed may nevertheless be considered on the merits if the petitioner can establish good cause for the delay, such as investigation of a potentially meritorious claim, or to avoid piecemeal presentation of claims. Robbins, 18 Cal.4th at 780.

When the timeliness of a federal habeas petition is at issue, and there is not clear indication by the state court whether or not the underlying claim was timely, "the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (quoting Chavis.) In other words, even if the California court did not expressly address the timeliness issue, a federal habeas court must do so when faced with an interval tolling question.

////

---

[1] To be entitled to gap tolling, subsequent petitions must be "limited to an elaboration of the facts relating to the claims in the first petition." Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012). The petition filed in the California Supreme Court raised the following claims. (Respondent's Lodged Document 7.) Petitioner argued that the trial court failed to sever his case from his co-defendant's case, and that his trial counsel was ineffective for failing to challenge this ruling. (Id.) Petitioner also argued that he was subjected to a suggestive line-up procedure. (Id.) Although somewhat difficult to understand, it appears that the petition filed in the Superior Court raised these same claims. (Respondent's Lodged Documents 5, 6.)

The undersigned also observes that it appears from Waldrip, supra, that a habeas petitioner may be entitled to gap tolling for the interval between a state habeas petition denied before the statute of limitations ran and a state habeas petition filed during the limitations period. See Waldrip, 548 F.3d at 736.

The California Supreme Court denied petitioner's habeas petition without comment or citation. (Respondent's Lodged Document 8.) However, because this petition was filed beyond the 30 to 60 day time period found reasonable by the Supreme Court in Chavis, the undersigned must determine whether the California Supreme Court would have found this petition timely. As discussed below, petitioner argues that he did not receive notice that the Superior Court denied his state habeas petition until he sent the Superior Court a motion asking for the status of the case in November 2015. (See ECF No. 16 at 15-16.) In February 2016, the Superior Court sent petitioner a letter informing him that his petition had been denied in March 2013. (Id. at 19.)

The undersigned observes that in the petition filed in the California Supreme Court, petitioner's only statement addressing the delay in the filing of the petition is as follows:

> On 30 January 2013, Petitioner mailed his petition for Writ of Habeas Corpus to the Superior Court for the County of Sacramento. To date, Petitioner has received no response from said court. Additionally, Petitioner has notified the prison mailroom and the prison trust office trying to procure validation that the litigation was properly mailed. No response has been forthcoming.

(Respondent's Lodged Document 7 at points and authorities, p. ii.)

For the reasons stated herein, petitioner has not shown good cause for his failure to inquire about the status of his Superior Court petition until approximately 33 months after it was filed.

In his declaration filed in support of the instant petition, petitioner states that he was "routinely advised by others, namely jailhouse lawyers," that he should "refrain from 'bothering' the courts, and that they 'would not forget' to adjudicate" his case. (ECF No. 16 at 14.) Petitioner's explanation that he did not want to "bother" the courts to check on the status of his case, until almost three years after it was filed, does not demonstrate good cause for his delay in filing his petition in the California Supreme Court.[2]

In his opposition, petitioner also suggests that his mental illness prevented him from checking on the status of his Superior Court petition. However, in the section below addressing equitable tolling, the undersigned finds that petitioner has not shown that his mental illness

---

[2] Petitioner's claim that he did not want to "bother" the courts is discussed in more detail below in the section addressing equitable tolling.

5

prevented him from filing a timely federal petition and proceeding with his state habeas petitions. For the reasons discussed herein, the undersigned also finds that petitioner has not shown that his mental illness contributed to his delay in seeking information regarding the status of his Superior Court petition.

In neither his petition filed in the California Supreme Court nor the instant petition has petitioner demonstrated good cause for the delay between his state court petitions. Accordingly, petitioner is not entitled to gap tolling.

Because petitioner is not entitled to statutory tolling, the instant petition is not timely unless petitioner is entitled to equitable tolling.

IV. Equitable Tolling

A. Legal Standard

The one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

B. Discussion—Alleged Delay in Notice of Denial of Superior Court Petition

Petitioner argues that he is entitled to equitable tolling because he did not receive timely notice of the denial of his habeas petition by the Sacramento County Superior Court.

As discussed above, petitioner waited approximately 33 months to inquire into the status of his petition filed in the Superior Court. Assuming petitioner did not receive notice of the denial of the petition, as he alleges, the undersigned finds that petitioner did not act diligently in seeking information regarding the status of his Superior Court petition. For the reasons stated herein, the instant case is distinguishable from Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001), where the Ninth Circuit found that the petitioner acted diligently in seeking information regarding the status of his state petition.

In Huizar v. Carey, the petitioner claimed that on April 15, 1996, he gave his petition to prison officials for mailing to the Superior Court. 273 F.3d at 1222. On June 19, 1996, the

petitioner wrote the Superior Court about the petition, but received no reply. Id. Twenty-one months later, in March 1998, petitioner wrote the Superior Court again but heard nothing back. Id. Petitioner wrote another letter in August 1998, to which the Superior Court responded that the petition had not been received. Id.

In Huizar v. Carey, the Ninth Circuit found that, if the petitioner's claims were true, he was entitled to equitable tolling for the time he believed his petition was pending in the Superior Court because he acted diligently in seeking information regarding the status of the petition. Id. at 1224. The Ninth Circuit noted that after receiving no response to his first inquiry, he waited an additional twenty-one months, "not an unusually long time to wait for a court's decision." Id. The Ninth Circuit noted that the petitioner's "steady stream of correspondence," if proven, would show diligence. Id.

In Fue v. Biter, 842 F.3d 650 (9th Cir. 2016), in discussing Huizar v. Carey, the Ninth Circuit also observed that the California Rules of Court require the Superior Court to render a decision on a habeas petition within sixty days and provide a process for a petitioner to request a ruling if his petition is not resolved within that time. 842 F.3d at 654. The "Superior Court rule invites petitioners to follow up on their habeas petitions," which "may explain why the petitioner in Huizar made contact with the court just two months after mailing his petition." Id.

In Fue v. Biter, the Ninth Circuit also cited cases from other circuits which illustrated the case-specific determination of whether a petitioner acted diligently in following up on their state habeas petitions:

> The Sixth Circuit, noting that "it is a difficult, if not impossible endeavor, [for litigants] to estimate how long a reviewing court will take to decide a particular motion," held that a pro se petitioner who waited nine months before contacting the court about his case acted with reasonable diligence. Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002). The Fifth Circuit held that an eleven-month delay in contacting the court was reasonable "given [the petitioner's] prisoner and pro se status and the fact that the [court] had the legal duty to notify him" when it rendered a decision, which it failed to do. Hardy v. Quarterman, 577 F.3d 596, 599 (5th Cir. 2009) (per curiam). And the Eleventh Circuit sanctioned a wait of over sixteen months in contacting the court when a pro se petitioner had been told that he would be notified of any decision in his case, but he never received such notice. Knight v. Schofield, 292 F.3d 709, 710–11 (11th Cir. 2002) (per curiam) Fue, also a pro se petitioner

> entitled to receive notice of the state court's decision, acted diligently by contacting the court after a reasonable amount of time (here, fourteen months) had passed. Compare Diaz v. Kelly, 515 F.3d 149, 154–56 (2d Cir. 2008) (finding that a pro se petitioner's nine-month delay in contacting the court was reasonable where the law required the court to notify parties of its decisions, but the petitioner did not receive notice), with LaCava v. Kyler, 398 F.3d 271, 276–78 (3d Cir. 2005) (declining to grant equitable tolling after a twenty-one month delay in contacting the court where the petitioner was represented by counsel and not entitled to personal notice of the court's decision), and Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (same, twenty-four months).

842 F.3d at 654-55.

Unlike the petitioner in Huizar, petitioner did not contact the Superior Court after two months or multiple times. Instead, petitioner's first contact with the Superior Court was 33 months after he filed the petition. It is clear from the cases cited above that a delay of this magnitude does not demonstrate diligence.

In his declaration submitted in support of the petition, petitioner argues that he did not contact the Superior Court sooner based on advice he received from jailhouse lawyers. As discussed above, petitioner states that he was "routinely advised by others, namely jailhouse-lawyers, that I should refrain from 'bothering' the courts, and that they 'would not forget' to adjudicate my case." (ECF No. 16 at 14.) The allegedly bad advice petitioner received from jailhouse lawyers to not bother the Superior Court regarding the status of his habeas is not an extraordinary circumstance that prevented petitioner from filing a timely federal habeas petition. See Gullick v. Bock, 2010 WL 457483 at *17 (D. Az. 2010) (mistakes by jailhouse lawyers generally do not provide basis for equitable tolling) (and cases cited therein). In addition, petitioner's own ignorance of the law and lack of legal expertise are not extraordinary circumstances and do not toll the statute of limitations. Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

The undersigned also observes that petitioner has provided copies of CDCR 22/Inmate Request forms, demonstrating that in November 2015, he began asking prison officials if they had records of his filing of the Superior Court petition. (ECF No. 16 at 17-18.) These November 2015 inquiries also do not demonstrate diligence by petitioner in seeking information regarding

the status of his Superior Court petition.

Accordingly, petitioner is not entitled to equitable tolling on grounds that he did not receive timely notice of the denial of his petition by the Sacramento County Superior Court.

B. Discussion—Mental Illness

Petitioner argues that he is entitled to equitable tolling based on mental illness.

*Legal Standard*

The Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable to rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099–100 (9th Cir. 2010) (citations omitted) (italics in original); see also Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

"The relevant question [is,] '[d]id the mental impairment cause an untimely filing?'" Stancle v. Clay, 692 F.3d 948, 959 (9th Cir. 2012) (quoting Bills, 628 F.3d at 1100 n.3.) Bills provides further guidance for applying its two-part test:

> [T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it

9

> impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Bills, 628 F.3d at 1100–01. "This reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir.), cert. denied sub nom. Yeh v. Biter, 135 S. Ct. 486 (2014), citing Bills, 628 F.3d at 1100.

A petitioner alleging a severe mental impairment during the filing period is not entitled to an evidentiary hearing unless he or she makes "a good faith allegation that would, if true, entitle him to equitable tolling." Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003) (remanding for consideration of whether the petitioner's delayed filing was "attributable to psychiatric medication which deprived petitioner of any kind of consciousness" where the petitioner had demonstrated "evidence of serious mental illness" by attaching prison psychiatric and medical records).

*Analysis*

Petitioner argues that his "mental impairment" caused him to undergo "trials and tribulations above and beyond that of ordinary pro se litigants." (ECF No. 16 at 9.) Petitioner states that his "prisoner status" prevents him from accessing the "preponderance of his diagnosed mental assessments." (Id.) Petitioner is apparently claiming that he does not have access to his mental health records.

Petitioner goes on to cite four records which he claims demonstrate that his mental illness prevented him from filing a timely federal petition: 1) Mental Health Placement Chrono, dated 1/14/16; 2) Mental Health Placement Chrono dated 2/5/13; 3) Mental Health Placement Chrono dated 2/6/14; and 4) "California Correctional Health Care Facility Discharge/Transfer/Continued Care Instructions documenting admittance to mental health care facility beginning January 23, 2014 and ending January 30, 2014, wherein prisoner was transferred from CSP-Solano to a mental facility located in Stockton, California." (Id.)

////

Petitioner's description of his placement in the mental health care facility is somewhat confusing. However, it appears that he is claiming that he was placed in a mental care health care facility in Stockton for seven days in January 2014. Petitioner does not attach any of the four documents described above to his opposition.

Petitioner also cites his declaration attached to the opposition in support of his claim for equitable tolling based on mental illness. In this declaration, the only possible reference to petitioner's alleged mental illness is the statement, "That at the time of my birth, my mother was addicted to crack cocaine." (Id. at 13.)

As observed by respondent in the reply to petitioner's opposition, petitioner has not detailed what his mental health diagnosis was during the relevant time period. Petitioner also does not list any medication he was prescribed. In addition, petitioner fails to specifically address how his alleged mental illness impacted his ability to file a timely federal habeas petition.

As observed by respondent, petitioner's ability to file his habeas petition in the California Supreme Court approximately one month after his January 14, 2016 Mental Health Chrono undermines petitioner's claim that his mental illness prevented him from filing a habeas petition, at least at that time.

Petitioner suggests that his mental health issues prevented him from checking on the status of his Superior Court petition, as evidenced by the mental health chronos he claims he received during the three year gap between the filing of his Superior Court petition and the filing of his petition in the California Supreme Court. Petitioner also claims that he was briefly placed in a mental hospital during 2014. However, in his declaration attached to his opposition, petitioner claims that he did not inquire about the status of his petition filed in the Superior Court based on advice he received from jailhouse lawyers, and not based on his mental illness. Moreover, a fourteen days placement in a mental hospital does not explain why petitioner waited 33 months to check on the status of his petition filed in the Superior Court. The undersigned also observes that, in his California Supreme Court petition, petitioner did not argue that his mental illness caused the delay in his filing of that petition.

////

1 | Additionally, petitioner waited just over two months to file his federal petition after the California Supreme Court denied his state habeas petition. Petitioner does not explain how his mental illness (or his failure to receive notice of the denial of his Superior Court, for that matter) caused the delay in the filing of his federal petition. Petitioner's ability to file both his California Supreme Court petition and federal petition in 2016, despite the alleged January 2016 mental health chrono, undermines his claim that his mental illness caused the two month delay in the filing of the federal petition.

For the reasons discussed above, the undersigned finds that petitioner has not made a non-frivolous showing that he had a severe mental impairment during the filing period that made it impossible for him to file a timely federal habeas petition. Even without access to his mental health records, petitioner should be able to describe his mental illness and how it impacted his ability to file his state and federal petitions. Accordingly, petitioner is not entitled to equitable tolling based on his alleged mental illness.

V. Martinez v. Ryan

Citing Martinez v. Ryan, 132 S. Ct. 1309 (2012), petitioner argues that the statute of limitations does not bar his claims based on ineffective assistance of counsel.

In Martinez v. Ryan, the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default. 132 S. Ct. at 1315. Martinez v. Ryan is not relevant to claims barred by the statute of limitations. Accordingly, petitioner's argument that his claims are not barred pursuant to Martinez v. Ryan is without merit.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file ritten objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which

issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 11, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Brox1548.mtd